**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MCELROY PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-00234-JAR |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY; SHARI BIVINS; and JENNIFER | ) | |
| LOWDER INSURANCE AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PLAINTIFF'S AMENDED PETITION BY DEFENDANTS
SHARI BIVINS AND JENNIFER LOWDER INSURANCE AGCY, INC.**

This Motion was originally filed in Pontotoc County District Court, Case No. CJ-2026-43, on May 11, 2026. It is being re-filed after removal to Federal Court. Said Motion was included as Exhibit 12 in the Notice of Removal [Doc. 2-12]. Plaintiff's Objection to said Motion was filed on May 29, 2026 and was included as Exhibit 17 in the Notice of Removal [Doc. 2-17]. The Reply Brief in Support of said Motion was filed on July 13, 2026 and was included as Exhibit 12 in the Notice of Removal [Doc. 2-19].

Defendants Shari Bivins and Jennifer Lowder Insurance Agcy, Inc.[1] respectfully move this Court, pursuant to 12 O.S. § 2012(B)(6), to dismiss all of Plaintiff's claims against them in this lawsuit. Plaintiff's complaints have nothing to do with this Insurance Agent or this Insurance Agency. Plaintiff's dispute is with the amount that State Farm paid on Plaintiff's claim, something that an insurance agent and an insurance agency have no control over.

Plaintiff's Amended Petition fails to state "negligence and deceit" claims against these Defendants. Plaintiff's Amended Petition does not plead fraud with particularity as required by

---

[1] This Defendant is misnamed in Plaintiff's Amended Petition. It is "Agcy" not "Agency."

1

Oklahoma law. Plaintiff's Amended Petition does not state either constructive fraud claims or actual fraud claims against these Defendants. There is no nexus between the alleged actions and inactions of these Defendants and Plaintiff's purported damage—a required element of Plaintiff's claims. These Defendants did not owe a duty to tell Plaintiff of State Farm's purported scheme—another required element of Plaintiff's claims. There is no fraud where these Defendants' alleged statements were merely opinions—and they were true. A fraud claim cannot be based on a promise of future performance. No cause of action exists under Oklahoma law based on what these Defendants allegedly should have known about State Farm's purported scheme. Moreover, Plaintiff failed to serve either of these Defendants with a copy of the Amended Petition. In support, Defendants Shari Bivins and Jennifer Lowder Insurance Agcy, Inc. show the Court as follows:

## I.    BACKGROUND

The case arises from alleged storm damage to one of Plaintiff's many rental properties and Plaintiff's subsequent dispute with State Farm Fire and Casualty Company ("State Farm"), its insurance carrier, over the amount paid on Plaintiff's claim. This rental property is located at 421 W. 10th St., Ada, OK 74820. On February 1, 2016, some nine (9) years before the subject date of loss, Plaintiff purchased a Rental Dwelling Policy from State Farm, Policy No. 96-B1-W459-2 ("Policy"), which Policy automatically renewed each year. Amended Petition at ¶ 6; Policy, Exhibit "1"; Policy Details, Exhibit "2." According to Plaintiff's Amended Petition, this property was severely damaged by wind during a storm on March 4, 2025. *Id.* at ¶ 11. Plaintiff submitted a claim to State Farm, and State Farm inspected the property. *Id.* at ¶¶ 15 & 17. Plaintiff alleges that State Farm inspected only some of the damage to the property. *Id.* at ¶ 23. Plaintiff alleges that its losses were covered under the Policy and that State Farm prepared an estimate but, according to Plaintiff, this estimate "did not pay for all damages covered under the policy." *Id.* at ¶¶ 24 & 26. Plaintiff

2

sued State Farm for breach of contract and for breach of the duty of good faith and fair dealing. *Id.* at ¶¶ 19-42.

Plaintiff's lawsuit also makes a claim for "negligence and deceit" against State Farm Agent Shari Bivins ("Ms. Bivins" or "Agent") and State Farm Insurance Agency, Jennifer Lowder Insurance Agcy, Inc. ("Agency"). According to Plaintiff, State Farm has a so-called "scheme" to wrongfully lower indemnity payments owed to insureds on covered claims, specifically total roof replacements. Amended Petition at ¶ 45. Plaintiff alleges that both Agent and Agency knew or should have known of State Farm's scheme, and that this scheme was never disclosed to Plaintiff "upon renewal of the policy." *Id.* at ¶¶ 49-50. Purportedly, both Agent and Agency "advised Plaintiff it would be covered in the event of wind and/or hail loss to its roof, misleading it by failing to disclose the internal Scheme at State Farm." *Id.* at ¶ 52. Plaintiff's allegations against Agent and Agency do not state claims for negligence and deceit, and dismissal of all claims against these Defendants is proper under 12 O.S. § 2012(B)(6).

## II.    STANDARD OF REVIEW

The Oklahoma Pleading Code commands dismissal of a petition that fails "to state a claim upon which relief can be granted." 12 O.S. § 2012(B)(6). Dismissal is proper under 12 O.S. § 2012(B)(6) where the petition fails to set forth (1) a cognizable legal theory of liability or (2) facts to support any cognizable legal theory. *Lockhart v. Loosen,* 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078. Under 12 O.S. § 2008(A), a petition must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court discussed basic notice pleading requirements in detail, particularly in relation to the "short and plain statement" requirement, in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).

[2] "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (emphasis added) (internal citations and quotations omitted). The Court in *Twombly* held that, while notice pleading requirements are minimal, a complaint must still contain plausible facts in support of the claims. *Id.* at 1974. A plaintiff must provide enough factual background to give a defendant "not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")).

## III.    ARGUMENT AND AUTHORITY

### A. Plaintiff's Amended Petition Does Not Plead Fraud with Particularity As Required by 12 O.S. § 2009.

"[T]he circumstances constituting fraud or mistake shall be stated with particularity." 12 O.S. § 2009(B). This "particularity requirement extends to *all* averments of fraud, regardless of the theory of legal duty—statutory, tort, contract or fiduciary." *Gay v. Akin*, 1988 OK 150, ¶ 8, 766 P.2d 985, 990 (footnote omitted) (emphasis added). To do so, a plaintiff's petition must set forth "the *time, place, and content* of an alleged false representation." *Gianfillippo v. Northland Cas. Co.*, 1993 OK 125, ¶ 11, 861 P.2d 308, 311 (emphasis original).

Plaintiff's failure to plead fraud with the requisite particularity is fatal. Plaintiff's Amended Petition alleges that Agent and Agency each "advised Plaintiff it would be covered in the event of

---

[2] "The Oklahoma Pleading Code is based on the Federal Rules of Civil Procedure, and we may look to federal authority for guidance in applying its provisions." *Prough v. Edinger, Inc.,* 1993 OK 130, ¶ 6, 862 P.2d 71, 74.

4

wind and/or hail loss to its roof, misleading it by failing to disclose the internal Scheme at State Farm." Amended Petition at ¶ 52. Plaintiff does not say when this alleged misrepresentation was made, where it was made, the context in which it was made, or who was speaking. Here, Plaintiff is an entity, not a person. To whom, acting on behalf of Plaintiff, was this statement made? The Amended Petition doesn't say. What words were used by Agent to this unidentified person? The Amended Petition doesn't say. Also, Agency is an entity, not a person. Who, acting on behalf of Agency, made this statement? The Amended Petition doesn't say. What words were used by this unidentified person acting for Agency to this unidentified person acting for Plaintiff? The Amended Petition doesn't say. What was the context of the conversation between an unidentified person acting for Plaintiff and Agent and/or Agency? The Amended Petition doesn't say. Plaintiff's Policy was first issued in 2016. Did these Defendants allegedly make these statements to Plaintiff in or around 2016 when the Policy first issued? The Amended Petition doesn't say. Is Plaintiff alleging that State Farm's scheme dates back to 2016? The Amended Petition doesn't say. Is Plaintiff alleging that in 2016, these Defendants knew or should have known of State Farm's scheme? The Amended Petition doesn't say. After 2016, Plaintiff's Policy automatically renewed each year, meaning that these Defendants were not involved in Plaintiff's Policy renewal. Is Plaintiff alleging that each year, when Plaintiff's Policy automatically renewed, that these Defendants each had contact with an unidentified person acting on behalf of Plaintiff to advise that weather-related damages are fully covered even though these Defendants played no part in the automatic renewal of Plaintiff's Policy? The Amended Petition doesn't say. Is Plaintiff alleging that this happened each and every year for almost a decade? The Amended Petition doesn't say. Is Plaintiff alleging that these statements were made before the March 4, 2025 weather event? The Amended Petition doesn't say. Is Plaintiff alleging that these statements were made after the March

5

4, 2025 weather event? The Amended Petition doesn't say. Plaintiff's Amended Petition fails to plead a "negligence and deceit" claim a/k/a fraud claim against these Defendants with the required particulars,[3] and thus must be dismissed.

### B. Plaintiff's Amended Petition Does Not State "Negligence and Deceit" Claims Against These Defendants.

Plaintiff's Amended Petition fails to state claims against these Defendants for "negligence and deceit." Although labeled "negligence and deceit," the crux of Plaintiff's claims against these Defendants is that: (1) Agent and Agency *negligently* failed to disclose State Farm's scheme to Plaintiff; and/or (2) Agent and Agency *intentionally misrepresented* that Plaintiff would be covered in the event of wind and/or hail loss to its roof. Amended Petition at ¶¶ 44-52.

Plaintiff's argument that Agent and Agency *negligently* failed to disclose State Farm's scheme is a constructive fraud claim. Constructive fraud requires a breach of either a legal or equitable duty. *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 34, 987 P.2d 1185, 1199 (footnote omitted). It is the "breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice." *Id.* (footnote omitted); *see also* 15 O.S. § 59.

Plaintiff's argument that Agent and Agency deceived Plaintiff by *intentionally misrepresenting* that Plaintiff would be covered in the event of wind and/or hail loss to its roof is an actual fraud claim. Actual fraud exists when: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant made the representation when he knew the representation was false, or made the representation as a positive assertion recklessly, without any knowledge of its truth; (4) the defendant made the representation with the intention that it should

---

[3] The particulars of Plaintiff's fraud allegations are even more important here where Plaintiff's multiple other insurance claims with State Farm for this same date of loss for other properties were resolved without any other lawsuits being filed.

be acted upon by plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury as a result of the representation. *See e.g. Nutt v. Carson,* 1959 OK 76, ¶ 9, 340 P.2d 260, 263; 15 O.S. § 58; 76 O.S. § 3; OUJI Chapters 18 & 23.

Plaintiff has not stated claims for "negligence and deceit" a/k/a fraud here because: (a) Plaintiff's Petition admits that these Defendants did not cause Plaintiff's damages; (b) by law Plaintiff could not have relied on statements by these Defendants about the Policy; (c) Defendants owed no duty under Oklahoma law to disclose State Farm's purported scheme to Plaintiff; Defendants' alleged statements were opinions, not facts that can serve as the basis for fraud claims, and they were true; (d) by law fraud cannot be based on a promise of future performance; and (e) a negligence claim based on what these Defendants "should have known" does not exist under Oklahoma law.

### 1. No Nexus Between These Defendants' Actions/Inactions and Plaintiff's Damage As Is Required for a Fraud Claim.

Plaintiff's Amended Petition fails to allege a causal connection between Plaintiff's damage and the alleged statements or omissions of these Defendants, a required element for a "negligence and deceit" claim. Plaintiff has not alleged that State Farm denied its claim because of the property's pre-existing condition. Plaintiff has not alleged that these Defendants represented that there was no pre-existing condition that would limit coverage. Plaintiff has not pled facts demonstrating that the type of coverage or amount of coverage led to its damage. Rather, Plaintiff's alleged damage stems exclusively from the fact that State Farm's identification and calculation of the repairs to Plaintiff's property were less than Plaintiff's contractor's identification and calculation of the repairs to Plaintiff's property. Amended Petition at ¶¶ 24-26, 28, 31-35, & 39. Plaintiff has not pled any connection between these Defendants' alleged misrepresentations and omissions and Plaintiff's damage.

Any disagreement that Plaintiff has about the extent of damage and the cost of repairs is with State Farm alone. These Defendants played no role in State Farm's determination of damage and payment. State Farm has exclusive authority on policy performance because the contract of insurance is only between the insurer and the insured, and the insurer has a non-delegable duty to interpret and apply the policy and investigate, evaluate, and pay claims thereunder. *See e.g. Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 2014 OK 106, ¶ 11, 341 P.3d 75, 86. There is no nexus between what these Defendants allegedly said or didn't say and the damage claimed by Plaintiff, mandating dismissal of Plaintiff's claims for "negligence and deceit."

### 2.   Plaintiff Could Not Have Relied on an Alleged Statement About the Policy.

Under Oklahoma law Plaintiff could not have reasonably relied upon any alleged misrepresentation by these Defendants about the Policy, defeating Plaintiff's fraud claims. It has long been the law that insureds have a duty "to read and know the contents of the polic[y]" before they accept it and an applicant "who accepts [a policy] the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of the terms and legal effect." *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 1902 OK 7, ¶ 5, 69 P. 936, 937. Plaintiff's Amended Petition fails to state "negligence and deceit" claims against these Defendants because the element of reliance is absent.

### 3.   These Defendants Did Not Owe a Duty to Disclose State Farm's Purported Scheme.

These Defendants did not owe a duty to Plaintiff under Oklahoma law to disclose State Farm's purported scheme to Plaintiff, meaning Plaintiff's Amended Petition cannot state a "negligence and deceit" claim these Defendants. An agent's duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance rests, in part, on the agent's "specialized knowledge [about] the terms and conditions of insurance policies generally." *Rotan*

*v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895 (citation omitted). Plaintiff has not alleged that these Defendants failed to omit a fact known to him/it/them because of their specialized knowledge about the terms and conditions of the policy that Plaintiff was procuring. Plaintiff makes no allegation that these Defendants made any statements about the property's condition or about State Farm's claims handling or policy interpretation. Rather, Plaintiff's allegation is these Defendants failed to tell Plaintiff that State Farm purportedly had a scheme upon renewal of Plaintiff's policy each year. Amended Petition at ¶¶ 44-47 & 50-51.[4] Any specialized knowledge about policy terms and conditions had by these Defendants did not create a special relationship between them and Plaintiff so as to make these Defendants a fiduciary for Plaintiff with respect to the actions of State Farm. There is no duty under Oklahoma law for an insurance agent to make such a disclosure. "[N]o Oklahoma cases hold[ ] an insurance agent owes a fiduciary duty to a[n] . . . insured." *Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶ 13, 309 P.3d 147, 150 (citing *Swickey v. Silvey Cos.*, 1999 OK CIV APP 458, ¶ 12, 979 P.2d 266, 269); *see also Rotan*, 2004 OK CIV APP at ¶ 1, 83 P.3d at 895. Oklahoma law does not impose a duty of full disclosure where an agent merely states that a property qualifies for coverage under an insurance policy.

Notably, Plaintiff has not alleged that these Defendants knew that State Farm would apply State Farm's scheme to this claim by this Plaintiff, as indeed such an allegation could not be made in good faith where Plaintiff's multiple other insurance claims with State Farm made for this same date of loss for other properties were resolved without State Farm's application of the so-called

---

[4] Since the renewals were automatic, "[a]llegations based on representations made during the policy's renewal have no basis in fact." *Moore v. St. Farm Fire & Cas. Co.*, No. CIV-25-181-G, 2026 WL 878450, *5 (W.D. Okla. March 30, 2026) (citation omitted) (Exhibit "3"); *see also Stone v. St. Farm Fire & Cas. Co.*, No. CIV-25-7-D, 2025 WL 3090772, *4 (W.D. Okla. Aug. 20, 2025) (Exhibit "4").

scheme.

### 4.    The Alleged Statements Were Opinions—And They Were True.

Plaintiff's fraud claims fail because the alleged statements of these Defendants were not misstatements of fact but rather opinions that were true. According to Plaintiff, these Defendants advised that Plaintiff "would be covered in the event of wind and/or hail loss to its roof." Amended Petition at ¶ 52. The Oklahoma Supreme Court has long held that representations about whether insurance coverage extends to a particular claim are merely opinions, not statements of fact, which are not a material misrepresentation. *See, e.g. Cupit v. Dancu Chem. Co.*, 1957 OK 193, ¶ 7, 316 P.2d 593, 596. An insurance agent and an insurance agency cannot very well sell an insurance policy by operating in absolute silence. It is unreasonable to permit a statement that there was coverage in the event of a wind and/or hail loss to a roof, which statement was given attendant to the issuance of an insurance policy, and which was consistent with the terms of the policy, to serve as the basis for a fraud claim. If that were the case, then every time that an insured sues its insurer for a coverage dispute, every insurance agent and insurance agency that ever had any communication with the insured about the policy will also be named in the lawsuit.

Moreover, these alleged statements were true according to Plaintiff's Amended Petition. There is no allegation by Plaintiff that the storm damage claimed by Plaintiff was not covered under the Policy. Although not expressly pled, Plaintiff's Amended Petition infers that Plaintiff's Policy covered the storm damage claimed by Plaintiff. Amended Petition at ¶¶ 24, & 32-33. Plaintiff's Amended Petition also infers that Plaintiff had sufficient coverage to pay for all such damage had such damage been identified on State Farm's Estimate. *Id.* at ¶¶ 24-26, 31, & 34-35. There is no alleged misstatement of fact by these Defendants. Plaintiff's claims for "negligence and deceit" against these Defendants must be dismissed.

### 5.   Fraud Cannot Be Based on a Promise of Future Performance.

Under Oklahoma law, the alleged omissions and statements of these Defendants cannot constitute fraud because they cannot be shown to be true or false at the time they were made. According to Plaintiff, Agent and Agency did not disclose State Farm's scheme to Plaintiff. Amended Petition at ¶ 50. Also, according to Plaintiff, Agent and Agency advised that Plaintiff "would be covered in the event of wind and/or hail loss to its roof." *Id.* at ¶ 52. Plaintiff contends that these omissions and these statements were fraudulent because when Plaintiff's property was damaged in the future, on March 4, 2025, State Farm, allegedly, "refused to pay for all the damage relating to Plaintiff's claim." *Id.* at ¶ 26. These alleged omissions and statements concerned a promise as to a future act by State Farm, which cannot serve as the basis for a fraud claim against Agent and Agency. "[F]or a false representation to be the basis of fraud, such representation must be relative to existing facts or those which previously existed, and not as to promises as to future acts." *Citation Co. Realtors, Inc. v. Lyon*, 1980 OK 68, ¶ 8, 610 P.2d 788, 790. Moreover, Oklahoma law is clear that the duty of good faith and fair dealing in handling an insurance claim is a duty owed by an insurance carrier, not the agent. *See e.g. Timmons v. Royal Globe Ins. Co.,* 1982 OK 97, ¶ 17, 653 P.2d 907, 912-13; *Trinity Baptist Church,* 2014 OK 106 at ¶ 11, 341 P.3d at 79; *Wathor v. Mut. Assurance Adm'rs, Inc.,* 2004 OK 2, ¶ 8, 87 P.3d 559, 562. There is no legal or factual basis for Plaintiff's "negligence and deceit" claims against these Defendants.

### 6.   No Cause of Action Exists Based On What Plaintiff Alleges That These Defendants *Should Have* Known.

No negligence cause of action exists under Oklahoma law based on what these Defendants allegedly should have known about the purported scheme by State Farm. Oklahoma Uniform Jury Instruction No. 9.2 defines "negligence" as "the failure to exercise ordinary care to avoid injury to another's person or property." It defines "ordinary care" as "the care which a reasonably careful

11

person would use under the same or similar circumstances." *Id.* "Ordinary care" implies knowledge of a fact before a duty flowing from that fact can arise. Plaintiff's "negligence and deceit" claims are dependent upon Plaintiff's allegation that these Defendants "knew or should have known of this Scheme implemented by State Farm." Amended Petition at ¶ 49. At the appropriate time, evidence will be submitted showing that there is no scheme by State Farm and that neither of these Defendants is aware of any scheme by State Farm. To the extent that Plaintiff's claims are based on what these Defendants allegedly should have known, no such cause of action exists. Thus, Plaintiff has failed to state "negligence and deceit" claims against these Defendants based on what they should have known.

### 7.  Plaintiff Received the Policy Promised.

Plaintiff's Amended Petition establishes that on the subject date of loss Plaintiff had in place a policy with the breadth of coverage that Plaintiff asked for. While an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance," (*Swickey*, 1999 OK CIV APP at ¶ 13, 979 P.2d at 269), Oklahoma law is clear that an insurance agent owes no duty to an insured to advise an insured with respect to his insurance needs. *Rotan*, 2004 OK CIV APP at ¶ 2, 83 P.3d at 895; *see also Cosper*, 2013 OK CIV APP at ¶ 9, 309 P.3d at 149 (holding that an insurance agent has no duty to provide an "adequate amount" of coverage); *Kutz v. St. Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶¶ 15-17, 189 P.3d 740, 744-45 (declining to expand the duty to procure into a duty to maintain coverage). Although not expressly pled, Plaintiff's Amended Petition infers that Plaintiff's Policy covered the storm damage claimed by Plaintiff. Amended Petition at ¶¶ 24, & 32-33. Plaintiff's Amended Petition also infers that Plaintiff had sufficient coverage to pay for all such damage had such damage been identified on State Farm's Estimate. *Id.* at ¶¶ 24-26, 31, & 34-35. Plaintiff's own Amended Petition

shows that Plaintiff had sufficient coverage to repair the damage consistent with its contractor's estimate, had such damage resulted from a covered loss.

> [P]urchasing a replacement cost policy does not mean that an insured is guaranteed that its claims will always be paid in full. Similarly, a replacement cost policy does not guarantee that a plaintiff's claims will be paid in the exact manner that the plaintiff desires. Representing that "comprehensive replacement cost coverage [ ] would protect the property (including the roof) without exclusion, limitation or conditions" does not affect this principal. To argue otherwise is to suggest that having a replacement cost policy entitles plaintiff to a full replacement of the roof upon submission of virtually any claim. That is not what plaintiff alleges that [the insurance agent] represented.

*Rain Drop Found., Inc. v. St. Farm Fire & Cas. Co.*, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025) (internal quotations and citation omitted) (finding that the plaintiff was unable to make out any claim against the insurance agent in state court) (Exhibit "5"). Any argument that these Defendants committed negligent procurement when Plaintiff's policy was renewed despite allegedly knowing of State Farm's scheme would "expand negligent procurement beyond the narrow contours recognized by Oklahoma courts like *Swickey* and *Rotan*." *Waller v. St. Farm Fire & Cas. Co.*, No. 4:25-cv-00448-SH, 2026 WL 880234 at *9 (N.D. Okla. Mar. 30, 2026) (Exhibit "6"). There is no possibility that Plaintiff can state a claim for negligent procurement.

**C. Amended Petition Was Not Served with the Summons on These Defendants.**

Plaintiff's Amended Petition was not served on either of these Defendants. Plaintiff's Amended Petition was filed on April 7, 2026. On April 13, 2026, Plaintiff had Summons issued to Defendant Shari Bivins and to Defendant Jennifer Lowder Insurance Agency [sic], Inc. On April 20, 2026, Jennifer Lowder was served with the Summons for Defendant Jennifer Lowder Insurance Agency [sic], Inc. and a copy of Plaintiff's original Petition filed on March 3, 2026. Ms. Lowder was not served with a copy of Plaintiff's Amended Petition. Notably, Plaintiff's original Petition does not name Jennifer Lowder Insurance Agcy, Inc. as a defendant. On April 21, 2026, Ms. Bivins

was served with the Summons and a copy of Plaintiff's original Petition filed on March 3, 2026.

Ms. Bivins was not served with a copy of Plaintiff's Amended Petition.

## IV.   CONCLUSION

Defendants Shari Bivins and Jennifer Lowder Insurance Agcy, Inc. respectfully request that the Court dismiss Plaintiff's claims against them without leave to amend because the defects identified are fatal and cannot be remedied. 12 O.S. § 2012(G).

Respectfully Submitted,

s/ Paige N. Shelton
Paige N. Shelton, OBA #20330
Sarah M. Siddall, OBA #35672
**SPENCER FANE, LLP**
4100 First Place Tower
15 E. 5th St.
Tulsa, OK 74103
918-586-8558
*PShelton@spencerfane.com*
*SSiddall@spencerfane.com*

*Counsel for Defendants State Farm Fire and Casualty Company, Shari Bivins, and Jennifer Lowder Insurance Agcy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

R. Ryan Deligans
Joshua L. Young

s/ Paige N. Shelton
Paige N. Shelton